IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FRANKIE MALDONADO,

Petitioner,

v. Case No. 2:24-cv-00469-MIS-LF

ATTORNEY GENERAL FOR THE
STATE OF NEW MEXICO,

Respondent.

**ORDER SETTING BRIEFING DEADLINES**

THIS MATTER is before the Court on pro se petitioner Frankie Maldonado's Petitioner Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 1), filed May 15, 2024.[1] Petitioner asserts four grounds for relief: (1) that his witnesses were never called, Doc. 1 at 5; (2) that the district attorney's office changed the judge, *id.* at 6; (3) insignificant evidence, *id.* at 8; and (4) failure to call all of his witnesses, *id.* at 10. On May 8, 2025, the Court ordered Respondent to answer the petition and specified that "[i]f the Petition is mixed, such that it contains both exhausted and unexhausted claims, the AG shall take a position on how to proceed (i.e., stay the proceeding, dismiss the unexhausted claims, overlook the defect and deny the claim(s) on the merits, etc.)." Doc. 3 at 2.

Respondent timely responded to the petition on June 4, 2025. Doc. 10. Respondent did not address the merits of the Petitioner's claims but identified the petition as a "mixed petition" containing both exhausted and unexhausted claims. Doc. 10 at 7; *see Pliler v. Ford*, 542 U.S.

[1] United States District Judge Margaret Strickland referred this case to me "to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case." Doc. 4 at 1.

225, 227 (2004) (mixed habeas corpus petitions are "those containing both unexhausted and exhausted claims"). A state prisoner must exhaust his available state remedies before filing a federal habeas petition. 28 U.S.C. § 2254(b)(1)(A). A claim is exhausted if it "has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1532 (10th Cir. 1994). The Court has the following limited options when faced with a "mixed" petition containing both exhausted and unexhausted claims:

> (1) dismiss the mixed petition in its entirety; (2) stay the petition and hold it in abeyance while the petitioner returns to state court to raise his unexhausted claims; (3) permit the petitioner to dismiss the unexhausted claims and proceed with the exhausted claims; or (4) ignore the exhaustion requirement altogether and deny the petition on the merits if none of the petitioner's claims has any merit.

*Fairchild v. Workman*, 579 F.3d 1134, 1156 (10th Cir. 2009) (citations omitted) (quoting *Harris v. Lafler*, 553 F.3d 1028, 1031 (6th Cir. 2009)).

Respondent argues that Petitioner did not exhaust his available state remedies as to Grounds One and Four of his petition, because he raises those claims for the first time in his federal petition and did not raise them before the state appellate courts. Doc. 10 at 7. Respondent therefore asks the Court to permit Petitioner to dismiss those unexhausted claims and to provide Respondent with a reasonable period of time to substantively respond to the exhausted claims, Grounds Two and Three. *Id.* at 8–9. Petitioner did not file a reply brief but did file a "Notice of Election to Dismiss Unexhaust[e]d Claims" on July 14, 2025. Doc. 13. In the notice, Petitioner agrees that he fully exhausted Grounds Two and Three and wishes to proceed only on those two grounds. *Id.* at 1. Petitioner also notified the Court of his election "to dismiss grounds one and four from his petition" so that this matter may "proceed on the merits of the remaining exhausted claims." *Id.* Now that Petitioner has elected to dismiss Grounds One

and Four from his petition, this matter will proceed only on Petitioner's Grounds Two and Three.

IT IS THEREFORE ORDERED that Respondent shall file an answer to the petition no later than **thirty (30) days** from the date of the entry of this order.

IT IS FURTHER ORDERED that Petitioner may file an optional reply brief no later than **thirty (30) days** after the date that Respondent files an answer.

Laura Fashing
United States Magistrate Judge